## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSSISSIPPI, OXFORD DIVISION

TE'KIYAH KIDD

MARCUS CALDWELL

(Individually, natural Guardians and

next friend of Taj Caldwell, Deceased) **PLAINTIFFS**

**CASE NO:**     3:25-cv-369-GHD-RP

AMAZON.COM, INC.

BILOBAN, INC; and

USA LEYOU SUPPLY CHAIN COMPANY, INC;     **DEFENDANTS**

---

**JURY TRIAL REQUESTED**

---

**COMPLAINT**

---

**COMES NOW** Plaintiffs, Te'kiyah Kidd and Marcus Caldwell, individually, natural guardians and next friend of Taj Caldwell, deceased (hereinafter "Plaintiffs") by and through counsel, and file their complaint jointly and severally against defendants Amazon.com, Inc, Biloban, Inc, USA Leyou Supply Chain Company, Inc; and in support thereof would show the following:

## I. INTRODUCTION

1. This is a wrongful-death and product-liability action arising from the death of an infant in Mississippi caused by a recalled Spring Spirit Biloban Pack and Play baby mattress and Dodo Baby House Pack and Play Mattress that were defectively designed, manufactured, marketed, branded, and sold by Defendants. The mattresses were sold exclusively on defendant Amazon's platform.

2. The mattresses were unreasonably dangerous for infant sleep, posed a known and foreseeable risk of suffocation, and failed to comply with mandatory safety standards.

3. The Spring Spirit Biloban Pack and Play baby mattress was sold through Amazon's e-commerce platform, branded and labeled as a Biloban product, bore Biloban's name imprinted directly on the mattress.

4. The Dodo Baby House Pack and Play baby Mattress was sold through Amazon's e-commerce platform, branded and labeled as a Dodo Baby House Pack and Play Mattress and was imported into the United States by USA Leyou Supply Chain Company, Inc, who places them into stream of commerce in Mississippi and is liable under chain of distribution principle.

5. Defendants' conduct violated the Mississippi Products Liability Act ("MPLA"), Miss. Code Ann. § 11-1-63, federal consumer-product safety requirements, and Mississippi wrongful-death law.

## II. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).
   a. Plaintiffs are citizens of Mississippi.
   b. Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in state of Washington.
   c. Defendant Biloban, Inc. is a California corporation with its principal place of business in California.
   d. Defendant USA Leyou Supply Chain Company, Inc is a Delaware corporation with its principal place of business in California.

   f. The amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over all Defendants because they purposefully directed business activities toward Mississippi, control over product listings and fulfilment, direct shipment into Mississippi, sold infant mattresses to Mississippi consumers, and caused injury in Mississippi. Jurisdiction consistent with due process.

8. Venue is proper in the Oxford Division of the Northern District of Mississippi pursuant to 28 U.S.C. § 1391(b) because the product was purchased, used, and caused death in this District.

## III. PARTIES

9. Plaintiffs are the natural parents and/or statutory wrongful-death beneficiaries of Taj Antonelli Mortel Caldwell, a minor who died in Desoto County, Mississippi, on or about April 9, 2023.

10. Defendant Amazon.com, Inc, is a Delaware corporation with its principal place of business in the State of Washington. Defendant Amazon.com, Inc has no registered agent in Mississippi for the purpose of service of process and its

registered agent in Delaware, Corporation Service Company, 251 Little Falls Drive, Wilmington, New Castle, Delaware 19808 shall be served through Mississippi Secretary of State pursuant to Federal Rules of Civil Procedure Rule 4(h)(1) (a) and MS Code 13-3-63. At all times particular to this action, defendant Amazon.com acted as a seller, distributor, marketer, and fulfillment provider of the mattress and exercised substantial control over:

1. Product listings

2. Baby registry service

3. Warnings and representations

4. Branding and seller identification

5. Distribution and recall communications.

11. Defendant Biloban, Inc, is a California corporation with its principal place of business in California. Defendant Biloban has no registered agent in Mississippi for the purpose of service of process and its registered agent in California, Tao Wu, 1370 Valley Vista Drive, Suite 200(0208), Diamond Bar, California 91765 shall be served through Mississippi Secretary of State pursuant to Federal Rules of Civil Procedure Rule 4(h)(1) (a) and MS Code 13-3-63. At all times particular to this action, defendant Biloban, Inc was engaged in the design, manufacture, distribution, and sale of baby mattresses, including the Biloban baby mattress involved in this case. In addition, defendant Biloban Inc held itself out as the product's brand owner and seller, exercised control over product design and labeling, and caused its name to be imprinted directly on the mattress, inducing consumer reliance.

12. Defendant USA Leyou Supply Chain Company, Inc is a Delaware corporation with its principal place of business in California. Defendant Leyou has no registered agent in Mississippi for the purpose of service of process and its registered agent in Delaware, China-USA Agents, Inc 1007 N. Orange Street, 4th Floor, #96, Wilmington Delaware 19801 shall be served through Mississippi Secretary of State pursuant to Federal Rules of Civil Procedure Rule 4(h)(1) (a) and MS Code 13-3-63. At all-time particular to this action, defendant Leyou, was the importer and seller of the defective mattress and placed them into stream of commerce in Mississippi and is liable under chain of distribution principles.

## IV. FACTUAL ALLEGATIONS

### A. The Product

13. The products at issue are Biloban baby mattress and Dodo Baby House Pack and Play baby Mattress marketed for infant sleep.

14. Plaintiff Te'Kiyah Kidd purchased the two mattresses in Mississippi via Amazon's online marketplace prior to the incident.

15. The Biloban baby mattress bore Biloban's name permanently imprinted on the product, not merely on packaging.

## B. Recall and Regulatory Violations

16. The two mattresses were subsequently recalled after authorities determined they posed a serious risk of infant suffocation and death.

17. The mattresses failed to comply with federal infant sleep safety standards, including requirements governing firmness, airflow, and entrapment risk.

18. Defendants knew or should have known that:
    a. Infants are uniquely vulnerable to suffocation hazards;
    b. Mattress firmness and airflow are critical safety features; and
    c. Failure to meet safety standards could result in death.

19. Despite this knowledge, Defendants continued to market and sell the mattress without adequate warnings or design modifications.

## C. CPSC Recall and Federal Safety Violations

20. The Biloban baby mattress and Dodo Baby House Pack and Play baby Mattress at issue were the subject of a consumer safety recall announced after authorities determined the products posed serious risk of infant suffocation and death.

21. The recalls were issued following findings that the mattresses failed to comply with mandatory federal infant sleep safety standards, including requirements governing mattress firmness, structural integrity, and suffocation hazards.

22. The recalled mattresses failed to meet standards enforced by the U.S. Consumer Product Safety Commission ("CPSC"), including regulations applicable to infant sleep products and crib mattresses.

23. Prior to the recall, Defendants knew or should have known that the mattresses did not meet applicable safety requirements and posed a foreseeable risk of fatal harm.

24. Despite this knowledge, Defendants continued to manufacture, import, market, and sell the mattresses to Mississippi consumers, including Plaintiffs.

25. Defendants failed to timely warn consumers, initiate corrective action, or remove the product from commerce before the death of Plaintiffs' infant.

26. Defendants' violations of federal safety standards constitute evidence of defects, negligence, and reckless disregard for safety under Mississippi law.

4

## D. The Fatal Incident

27. On or about April 8, 2023, Plaintiffs placed their infant on the Biloban and Dodo baby house mattresses in a manner consistent with its intended and foreseeable use. However, on April 9, 2023, plaintiffs found their child had suffocated to death. Plaintiffs aver that the mattresses were defectively designed and unreasonably dangerous. Further, plaintiffs argue that the defective condition failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability have prevented the harm without impairing the product's utility, usefulness, practicality, or desirability.

28. Further on the above, plaintiffs believe that the products were defectively designed so as to make the product unreasonably dangerous in causing, among other things, a risk of suffocation to infant children.

29. The product contained one or more manufacturing defects so as to make the product unreasonably dangerous in causing, among other things, a risk of suffocation to infant children.

30. The product was defective so as to make the product unreasonably dangerous in that it failed to warn consumers, among other things, which said product could cause suffocation to infant children.

31. Said defects or one of more of them were easily and economically correctable so as to make the product reasonably safe for its intended purpose.

32. The mattresses' defective condition caused the infant to suffer fatal suffocation/asphyxiation.

33. The infant died as a direct and proximate result of the mattresses' defects.

## V. MISSISSIPPI PRODUCTS LIABILITY ACT (MPLA)

34. All product-based claims are brought pursuant to Miss. Code Ann. § 11-1-63.

35. The mattresses were defective because they:
a. Had a defective design rendering it unreasonably dangerous;
b. Deviated from intended specifications;
c. Failed to comply with applicable safety standards;
d. Lacked adequate warnings and instructions; and
e. Failed to conform to representations made by Defendants.

36. The defective condition existed when the mattresses left Defendants' control.

## VI. SELLER LIABILITY (AMAZON, BILOBAN & USA LEYOU)

37. Amazon.com, Inc, Biloban, Inc. and USA Leyou Supply Chain are liable as sellers under § 11-1-63(h) because they:

a. Exercised substantial control over design, labeling, warnings, and marketing.

b. Held themselves out as manufacturers, including through branding and imprinting.

c. Participated in quality control and product specifications.

d. Had actual or constructive knowledge of the product's dangers; and

e. Were in a superior position to prevent harm.

38. Biloban, Inc. functioned as a de facto manufacturer under Mississippi law.

39. Amazon.com Inc. acted as more than a passive marketplace and is liable due to its control over the sales process, representations, and recall execution.

40. As the importer of Dodo Baby Mattress, USA Leyou functioned as a de facto manufacturer under Mississippi law.

41. Defendant Amazon.com engaged in:
a. Hosting product listings;
b. Fulfilling orders via its warehouses;
c. Collecting payments and fees;
d. Recommending the mattress algorithmically and via Baby Registry;
e. Marketing the mattress to consumers in Mississippi

42. The Biloban mattress and Dodo Baby House Pack and Play mattress were defective and unreasonably dangerous for ordinary infant use, including risks of suffocation and death, in violation of federal crib mattress safety standards (16 CFR Part 1218).

43. Plaintiffs purchased or used the Biloban mattress based on representations and promotions by Amazon, Biloban and USA Leyou.

## VII. CAUSES OF ACTION

### COUNT I – Strict Products Liability (MPLA)

(All Defendants)

44. Defendants placed a defective and unreasonably dangerous product into the stream of commerce.

### COUNT II – Negligence

(All Defendants)

45. Defendants breached their duties to design, manufacture, inspect, test, warn, and sell a safe infant mattress.

## COUNT III – Failure to Warn

(All Defendants)

46. Defendants failed to provide adequate warnings regarding suffocation and death risks.

## COUNT IV – Breach of Implied Warranties

(All Defendants)

47. Defendants breached implied warranties of merchantability and fitness for a particular purpose.

## COUNT V – CONSUMER PROTECTION / DECEPTIVE TRADE PRACTICES (MISS. CODE §§ 75-24-1 et seq.)

48. Plaintiffs incorporate all preceding paragraphs.

49. Defendants engaged in unfair or deceptive acts, including:
a. Misrepresenting the safety of the Biloban mattress and Dodo Baby House Pack and play mattress;
b. Promoting the mattresses on the Baby Registry as suitable for infants;
c. Failing to disclose known hazards.

50. Plaintiffs relied on Defendants' representations and suffered damages. Plaintiffs were not aware of the defects at the time they purchased the products.

## COUNT VI – UNJUST ENRICHMENT

51. Plaintiffs incorporate all preceding paragraphs.

52. Defendants profited from the sale of a defective and unsafe mattress while Plaintiffs incurred losses and harm.

53. Defendants' retention of profits under these circumstances is inequitable.

## COUNT VII – Wrongful Death

(Miss. Code Ann. § 11-7-13)

54. Plaintiffs seek all damages recoverable under Mississippi's wrongful-death statute.

## COUNT VIII– Punitive Damages

(All Defendants)

55. **Allegations Supporting Punitive Damages**

- Defendants knew or should have known the mattresses violated federal safety regulations.

- Defendants continued sales despite foreseeable risk of infant suffocation.

7

- Warnings were omitted or minimized to preserve sales.

- Product recalls occurred only after infant deaths.

This conduct constitutes gross negligence, recklessness, and conscious disregard for safety under Mississippi law. Defendants' conduct demonstrated reckless disregard for infant safety, justifying punitive damages under Mississippi law.

## IX. DAMAGES

56. Plaintiffs seek:
a. Wrongful-death damages;
b. Funeral and burial expenses;
c. Emotional distress and loss of companionship;
d. Punitive damages;
e. pre-and post-judgment interest;
f. Costs and attorneys' fees where allowed.

## X. JURY DEMAND

57. Plaintiffs demand trial by jury on all issues so triable.

## VERIFICATION

Plaintiffs verify under penalty of perjury that the factual allegations herein are true and correct to the best of their knowledge.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendants, jointly and severally, for all damages allowed by law, and such other relief as the Court deems just and proper.

Respectfully submitted this the 29th day of December 2025.

SALU & SALU LAW FIRM, PLLC

By: _____

Olufemi Salu, MSB#100160
2129 Stateline Road West,
Southaven, MS 38617
Telephone: (662) 662-342-7007
Facsimile: (662) 662-445-9060
Email: salu@salulawfirm.com
*Attorney for Plaintiffs*